UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SKYLINE VISTA EQUITIES, LLC,

Plaintiff,

v.

JOSE M. BARRIOS, et al.,

Defendants.

No. EDCV 12-754 UA (DUTYx)

ORDER SUMMARILY REMANDING ACTION TO STATE COURT

This Court will remand this unlawful detainer action to state court because defendants removed it improperly.

"The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987). "[A] case may not be removed to federal court on the basis of a

federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint . . . ." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Defendant contends that this Court has jurisdiction because Plaintiff's cause of action arises under the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"). (Notice of Removal ¶ 5.) However, Plaintiff's complaint pleads no federal question on its face, and clearly invokes only a state law claim for unlawful detainer in violation of California Code of Civil Procedure § 1161(a). (Complaint at 1.) Defendant's "reference to the PTFA is best characterized as a defense or potential counterclaim, neither of which is considered in evaluating whether a federal question appears on the face of a plaintiff's complaint." *Parkland Securities, Inc. v. Carey*, 2012 WL 159621 at *2 (E.D. Cal. Jan. 18, 2012). A defendant's claims or defenses that a plaintiff has violated a federal statute cannot serve as a basis for federal question jurisdiction. *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 222 (9th Cir. 1985). Other courts within this district have also held that the PTFA cannot serve a basis for federal removal jurisdiction. *See Wescom Credit Union v. Dudley*, 2010 WL 4916578 at *3 (C.D. Cal. Nov. 22, 2010); *Carey*, 2012 WL 159621 at *2.

Because no federal question is presented on the face of the complaint, no federal question jurisdiction exists. Therefore, Defendant's request to proceed *in forma pauperis* is denied and the action is remanded to state court.

///
///
///
///
///
///
///
///

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County of Riverside, Southwest Justice Center, 30755-D Auld Road, Murrieta, CA 92563, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 5/18/2012

AUDREY B. COLLINS
United States District Judge

Presented by:

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge